IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| V. | § | CRIMINAL NO. H-18-193 |
| | § | |
| AIRTO JONTE MILLS | § | |

ORDER OF DETENTION PENDING TRIAL

     In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held.  I conclude that the following facts are established by a preponderance of the evidence or clear and convincing evidence and require the detention of the above-named defendant pending trial in this case.

Findings of Fact

[ ] A.  Findings of Fact [18 U.S.C. § 3142(e), § 3142(f)(1)].

  [ ] (1)    The defendant has been convicted of a (federal offense) (state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed) that is

        [ ]      a crime of violence as defined in 18 U.S.C. § 3156(a)(4).

        [ ]      an offense for which the maximum sentence is life imprisonment or death.

        [ ]      an offense for which a maximum term of imprisonment of ten years or more is prescribed in 21 U.S.C. ( ) § 801 et seq. ( ) § 951 et seq. ( ) § 955(a).

        [ ]      a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1) (A)-(C), or comparable state or local offenses.

  [ ] (2)    The offense described in finding 1 was committed while the defendant was on release pending trial for a federal, state or local offense.

  [ ] (3)    A period of not more than five years has elapsed since the (date of conviction) (release of the defendant from imprisonment) for the offense described in finding 1.

  [ ] (4)    Findings Nos. 1, 2, and 3 establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of any other person and the community.  I further find that the defendant has not rebutted this presumption.

[]      B.      Findings of Fact [18 U.S.C. § 3142(e)]

[] (1)    There is probable cause to believe that the defendant has committed an offense

         []        for which a maximum term of imprisonment of ten years or more is prescribed in 21 U.S.C.
                 ( ) § 801 et seq. ( ) § 951 et seq. ( ) § 955(a).

         [ ]       under 18 U.S.C. § 924(c).

[] (2)    The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

[X]      C.      Findings of Fact [18 U.S.C. § 3142(f)(2)]

[X] (1)   Defendant is accused of being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a) and 2.

[X] (2)   There is a serious risk that the defendant will flee.

[X] (3)   Defendant represents a danger to the community.

[ ] (4)   There is a serious risk that the defendant will (obstruct or attempt to obstruct justice) (threaten, injure, or intimidate a prospective witness or juror, or attempt to do so).

[X]      D.      Findings of Fact [18 U.S.C. § 3142(c)]

[ ] (1)   As a condition of release of the defendant, bond was set as follows:

[ ] (2)

[X] (3)   I find that there is no condition or combination of conditions set forth in 18 U.S.C. § 3142(c) which will reasonably assure the appearance of the defendant as required.

[X] (4)   I find that there is no condition or combination of conditions set forth in 18 U.S.C. § 3142(c) which will reasonably assure the safety of any other person or the community.

<u>Written Statement of Reasons for Detention</u>

      I find that the accusations in the indictment, information submitted in the Pretrial Services Agency report, and information at the detention hearing establish by a preponderance of the evidence that no condition or combination of conditions will reasonably assure the appearance of the defendant

as required and by clear and convincing evidence that no conditions will assure the safety of the community.

I conclude that the following factors specified in 18 U.S.C. § 3142(g) are present and are to be taken into account:

1.    Defendant is a 28-year old born and raised in the Houston, Texas area. He currently resides with his grandfather, who raised him. He maintains monthly contact with his parents and 4 half-siblings.

2.    Defendant has be in a relationship for the past 4 years, and the couple have a 3-month-old daughter together. Defendant advised he would live with his girlfriend if released on bond. He indicated no firearms are maintained at his girlfriend's residence and he denied owning any firearms. Defendant reported he once used Cannabinoids daily, and hasn't used in 3 weeks. He denied having a passport.

3.    Defendant reported he was employed as an electrician's assistant prior to his last arrest, where he earned approximately $3500/month. His estimated net worth is $3000 and his estimated monthly cash flow ranges from $450 to $650.

4.    Defendant's criminal history consists of convictions for burglary, unauthorized absence from community corrections facility, possession of marihuana, unlawful possession of a firearm, and evading arrest with a motor vehicle.

5.    Defendant attempted to flea on his initial arrest, resulting in an automobile chase at speeds over 100 mph, endangering the safety of the public.

6.    Defendant has engaged in criminal activity while under supervision.

7.    There is no condition or combination of conditions of release which would assure the appearance of the defendant in court or the safety of the community. Detention is ordered.

<u>Directions Regarding Detention</u>

It is therefore ORDERED that the defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with all court proceedings.

Signed at Houston, Texas, on July 9, 2018.

Stephen Wm Smith
United States Magistrate Judge